UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MANUEL OCASIO, | ) |
|     Plaintiff, | ) ) ) |
| v. | )    No. 2:19 CV 147 ) |
| UNITED STATES POSTAL SERVICE, | ) ) |
|     Defendant. | ) |

## OPINION and ORDER

This matter is before the court on defendant United States Postal Service's motion to dismiss. (DE # 6.) For the reasons that follow, the motion will be granted.

**I.    BACKGROUND**

Plaintiff Manuel Ocasio, proceeding without an attorney, filed a complaint in the Lake Superior Court, seeking damages for property loss and emotional distress allegedly resulting from the mishandling of mail sent to his post office box. (DE # 2.) Defendant removed the complaint to this federal court (DE # 1), and now seeks to dismiss the complaint on the basis that, among other alleged deficiencies, plaintiff failed to exhaust his administrative remedies.[1] (DE # 6.)

---

[1] Defendant also argues that the Lake Superior Court lacked jurisdiction over the claim, and therefore this court lacks jurisdiction, under the derivative jurisdiction doctrine. (DE # 7 at 3.) However, because this court finds that this case must be dismissed for other reasons, it need not address the issue of derivative jurisdiction, which is not a matter of subject matter jurisdiction, but a "mere defect in the process by which a case reaches federal court." *Rodas v. Seidlin*, 656 F.3d 610, 621 (7th Cir. 2011); *see also Hammer v. United States Dep't of Health & Human Servs.*, 905 F.3d 517, 535 (7th Cir. 2018), reh'g denied (Nov. 21, 2018); *Washington v. Soc. Sec. Admin.*, No. 1:19-CV-97-HAB, 2019 WL 2410407, at *2 (N.D. Ind. June 6, 2019).

## II. LEGAL STANDARD

Defendant moves to dismiss plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. A judge reviewing a complaint pursuant to Rule 12(b)(6) must construe the allegations in the complaint in the light most favorable to the non-moving party, accept all well-pleaded facts as true, and draw all reasonable inferences in favor of the non-movant. *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018).

## III. DISCUSSION

Under the Federal Tort Claims Act ("FTCA"):

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C.A. § 2675(a). "In other words, the FTCA bars would-be tort plaintiffs from bringing suit against the government unless the claimant has previously submitted a claim for damages to the offending agency, because Congress wants agencies to have an opportunity to settle disputes before defending against litigation in court." *Smoke Shop, LLC v. United States*, 761 F.3d 779, 786 (7th Cir. 2014).

"A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C.A. § 2401(b). "[A] proper administrative claim under the FTCA contains four elements: (1) notification of the incident; (2) a demand for money damages in a sum certain; (3) the title or legal capacity of the person signing; and (4) evidence of the person's authority to represent the claimant." *Smoke Shop, LLC*, 761 F.3d at 786 (citing 28 C.F.R. § 14.2(a)). "A plaintiff's failure to exhaust administrative remedies before he brings suit mandates dismissal of the claim." *Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003).

In response to defendant's motion to dismiss, plaintiff admits that he did not file an administrative claim before filing his lawsuit. (DE # 8 at 4.) He argues that this failure should be excused because he was unaware of the exhaustion requirement. (*Id.*) However, the Supreme Court has previously rejected the argument that the FTCA's exhaustion requirement is a "trap for the unwary" and has affirmed dismissal of a *pro se* litigant's FTCA claim where the litigant failed to exhaust his administative remedies prior to filing his complaint. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

Plaintiff must exhaust his adminsitrative remedies before he may pursue his claims against defendant. Therefore, defendant's motion to dismiss will be granted.

**IV. CONCLUSION**

For the reasons set forth above, defendant's motion to dismiss (DE # 6) is **GRANTED**.

**SO ORDERED.**

Date: October 2, 2019

    s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT